1  STUART HANLON, SBN: 66104
   NATHAN PETERSON, SBN: 288968
2  LAW OFFICES OF HANLON & RIEF
   179 11TH Street, 2nd Floor
3  San Francisco, California 94103
   (415) 864-5600
4
   Attorneys for Defendant WEI HU
5

6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,          No. 2:14-CR-00220-KJM

10            Plaintiff,               **STIPULATION & ORDER TO MODIFY
                                       PRETRIAL RELEASE CONDITIONS**
11      v.

12  WEI HU,

13            Defendant.

14

15     Defendant herein, Wei Hu, is on pretrial release; presently he is on electronic home

16  monitoring.  Mr. Hu has had no problems while on pretrial release.  His present curfew requires

17  him to be at home between the hours of 7 p.m and 7 a.m.

18     Pretrial Services Officer Renee Basurto contacted defense counsel and informed him that

19  the defendant has been in complete compliance with his conditions of release, that is: the

20  defendant has been on supervision since 9/4/14 and is close to his five month evaluation; he has

21  been testing as directed; participating in mental health counseling once monthly; providing proof

22  of employment; and abiding by his curfew with no violations since his release.  Therefore,

23  Pretrial Services is of the position that the electronic home monitoring condition is no longer

24  necessary.  Ms. Basurto has provided a list of amended special conditions of release which is

25  attached to this stipulation and incorporated herein.

26     As such, defendant is requesting that the court modify defendant Wei Hu's conditions of

27

28
                                        1

pretrial release to remove the requirement of electronic home monitoring.

Assistant U.S. Attorney Michael McCoy has informed defense counsel that he has no objection to the proposed modification.

It is hereby stipulated by Stuart Hanlon, attorney for defendant herein, Wei Hu, and Michael McCoy, Assistant U.S. Attorney that Mr. Hu's pretrial release conditions be modified to discontinue electronic home monitoring.

All other conditions of pretrial release remain the same as reflected in the attached Amended Special Conditions of Release.

Dated: January 27, 2015            s/Stuart Hanlon, CSBN: 66104
                                                   LAW OFFICES OF HANLON & RIEF
                                                   179 11th Street, 2nd Floor
                                                   San Francisco, CA 94103
                                                   415/864-5600
                                                   stuart@stuarthanlonlaw.com

Dated: January 27, 2015            s/Michael McCoy
                                                   Assistant U.S. Attorney
                                                   Office of the U.S. Attorney

## **ORDER**

Good cause having been shown by stipulation of the parties herein,

**IT IS HEREBY ORDERED** that defendant, Wei Hu's, pretrial release conditions be modified to remove the condition of electronic home monitoring.  All other conditions of pretrial release remain the same as reflected in the attached Amended Special Conditions of Release

Dated:  January 28, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# **AMENDED SPECIAL CONDITIONS OF RELEASE**

Re: Wei Hu
No.: 2:14-CR-0220-KJM
Date: January 26, 2015

1. You shall report to and comply with the rules and regulations of the Pretrial Services Agency;

2. You shall report in person to the Pretrial Services Agency on the first working day following your release from custody;

3. You are to reside at a location approved by the pretrial services officer and not move or absent yourself from this residence for more than 24 hours without the prior approval of the pretrial services officer;

4. You shall cooperate in the collection of a DNA sample;

5. Your travel is restricted to the Eastern District of California unless otherwise approved in advance by the pretrial services officer;

6. You shall surrender your passport to the Clerk, U. S. District Court, and obtain no passport during the pendency of this case;

7. You shall not possess a firearm/ammunition, destructive device, or other dangerous weapon; additionally, you shall provide written proof of divestment of all firearms/ammunition currently under your control;

8. You shall seek and/or maintain employment and provide proof of same as requested by your pretrial services officer;

9. You shall refrain from **excessive** use of alcohol or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and you shall notify Pretrial Services immediately of any prescribed medication(s). However, medicinal marijuana, prescribed or not, may not be used;

10. You shall submit to drug and/or alcohol testing as approved by the pretrial services officer. You shall pay all or part of the costs of the testing services based upon your ability to pay, as determined by the pretrial services officer;

11. You shall participate in a program of medical or psychiatric treatment, including treatment for drug or alcohol dependency, as approved by the pretrial services officer. You shall pay all or part of the costs of the counseling services based upon your ability to pay, as determined by the pretrial services officer;

12. You shall not associate or have any contact with your co-defendants, unless in the presence of counsel or otherwise approved in advance by the pretrial services officer;

13. You shall report any contact with law enforcement to your pretrial services officer within 24 hours; and,

14. You shall not list your home for sale nor encumber it in any way, without the prior approval of Pretrial Services.